*In re* ARÍSTIDES BLANCO COLÓN, querellado.

*Número:* D-65-1     *Resuelto:* 23 de mayo de 1966

J. B. *Fernández Badillo, Procurador General,* y *Manuel Tirado Viera, Procurador General Auxiliar,* abogados de El Pueblo; *Ramírez, Tirado & Marchand* y *Jorge Segarra Olivero,* abogados del querellado.

PER CURIAM: En cumplimiento de la resolución dictada por este Tribunal en 22 de enero de 1965, el Procurador General formuló al querellado Arístides Blanco Colón los siguientes cargos:

*"Primer Cargo*

"El querellado, Arístides Blanco Colón, incurrió en conducta inmoral e impropia el remesar al Juez Superior, Hon. Quintín Morales Ramírez—ante el cual magistrado postulaba el querellado y estaba sometido para dictar sentencia un caso en que el letrado era parte demandada—la suma de doscientos dólares en calidad de regalo para que el magistrado adquiriera mediante compra bebidas alcohólicas para su uso. Dicha suma le fue entregada al citado magistrado en 2 de junio de 1964 mientras éste se hallaba en el desempeño de sus funciones en sesión abierta en la Sala de Ponce del Tribunal Superior."

*"Segundo Cargo*

"El querellado, Arístides Blanco Colón, incurrió en conducta ilegal, impropia y censurable al negarse a expedir a uno de los otorgantes una copia certificada que le fuera solicitada de la escritura número 187, sobre segregación y compraventa, otorgada ante aquél en 25 de junio de 1960, viéndose obligado el perjudicado a recurrir al proceso judicial, del cual proceso se amparó el querellado, como demandado, para dilatar el cumplimiento de su deber como Notario Público."

En la contestación presentada en cuanto al primer cargo, el querellado admite (a) que remitió al Hon. Quintín Morales la suma de $200 para el propósito señalado, pero añade que tal actuación respondió a las relaciones de amistad existentes entre ambos, y, (b) que la entrega se efectuó mientras el mencionado magistrado se encontraba presidiendo una sesión del Tribunal Superior, Sala de Ponce, aunque ello fue contrario a sus instrucciones específicas para que dicha entrega se le hiciera en su residencia en la Calle Castillo, de Ponce; y niega que el querellado tuviera conocimiento de que para la fecha del acaecimiento de los hechos relatados el Juez Morales tuviera bajo su consideración un pleito civil en el cual Blanco Colón figuraba como parte

demandada. En cuanto al segundo cargo, admite que se negó a expedir copia certificada a pedido de parte interesada de la escritura Núm. 187 de 25 de junio de 1960 y que, ante su negativa, la referida parte incoó un procedimiento judicial para obtenerla; y negó el resto de los hechos expuestos.

En mayo de 1965 el querellado solicitó y el Procurador General asintió a que el asunto se sometiera a base del expediente de la investigación practicada por el Procurador General y de las constancias de los autos del pleito civil CS-63-951 del Tribunal Superior, Sala de Guayama. Así lo dispusimos.

Una lectura de las declaraciones de los testigos entrevistados por el Procurador General revela que, en efecto, el querellado remitió en 2 de junio de 1965 al Hon. Quintín Morales, un sobre que contenía la suma de doscientos dólares en efectivo. El Juez Morales había estado presidiendo la Sala de Guayama del Tribunal Superior y durante este período el querellado había practicado con gran frecuencia ante dicho magistrado. Parece apropiado consignar que el Lic. Blanco no tenía conocimiento de que la resolución de un pleito en el que figuraba como parte demandada había sido referido al Juez Morales, ya que la vista del mismo se había celebrado ante otro juez y del expediente no aparece que se hubiese dictado ni notificado una orden de referencia. Cuando ocurren los hechos que han dado margen a este cargo, el Juez Morales solamente tenía pendiente un pleito de filiación en que el querellado representaba a la parte demandante, y que, según el testimonio de dicho magistrado, ya tenía resuelto faltando únicamente pasar en forma final la opinión y sentencia. Bajo tales circunstancias tenemos dudas fundadas de que el propósito del querellado fuera influir en el Juez Morales para obtener un trato favorable en asuntos judiciales pendientes. No obstante, las actuaciones del querellado desconocieron lo dispuesto en el Canon 3 de los de Ética Profesional, que en parte reza "Las marcadas aten-

ciones y la inusitada hospitalidad de parte de un abogado hacia un juez, sin justificación dentro de las relaciones personales de las partes, traen consigo equívocas interpretaciones." Tal conducta comprometió la posición del juez "que ha de ser escrupuloso en evitar actuaciones que razonablemente puedan dar lugar a la impresión de que sus relaciones sociales o de amistad, influyen en alguna forma en sus determinaciones judiciales." El propio querellado ha comprendido el alcance y significación de su falta. (¹)

En cuanto al segundo cargo, la prueba demuestra que el querellado, sin excusa válida alguna, se negó a expedir copia certificada de una escritura otorgada ante él como notario. No puede afirmarse, sin embargo, que en su actuación fue movido por malicia, sino más bien por un desconocimiento e ignorancia de sus obligaciones como notario.

*Habiéndose probado esencialmente el primer cargo imputado, y considerada la gravedad de los actos en que incurrió el querellado y nuestra obligación de mantener la fe y confianza pública en quienes dispensan justicia, decretamos la separación del querellado del ejercicio de la profe-*

---

(¹) Dice el querellado, por voz de sus abogados, en el informe presentado a este Tribunal:

"El querellado desea manifestar que lamenta el haber procedido impensadamente y sin haber meditado sobre las connotaciones que sus actos traerían como secuela, respecto a las motivaciones de los mismos, y así lo reconoció desde el primer momento en que se cuestionó la naturaleza de sus actuaciones . . ."

" .  .  .  .  .  .  .

"Al aceptar la responsabilidad que las consecuencias de su conducta puedan acarrear, el querellado lo hace deplorando nuevamente el haber incurrido en la misma, por las equívocas interpretaciones a que pueden dar margen los hechos escuetos despojados del elemento de intención y, se pone a la disposición de este Hon. Tribunal para cualquier correctivo, si alguno, que este Hon. Tribunal estimare procedente bajo las circunstancias señaladas, no sin antes suplicar la indulgencia y benignidad de esta Superioridad para con su conducta, atendido el hecho de su limpio historial en los 13 años de práctica profesional y considerando que la iniciación y trámite de este procedimiento le ha hecho comprender su error y alertado su espíritu para no incurrir nuevamente en dicha conducta."

*sión de abogado por el término de un año y ordenamos que su nombre sea eliminado de los registros de abogados.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Santana Becerra no intervinieron.